```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

AARON DESHON SPEARS,

                Plaintiff,

vs.                           Case No.   2:04-cv-270-FtM-33SPC

MIKE SCOTT, Sheriff; CAPTAIN THOMAS
ELLEGOOD; CLASSIFICATION OFFICER
THOMAS FLYNN; MENTAL HEALTH SERVICES
OF LEE COUNTY JAIL,

                Defendants.
_____

## **ORDER**

This matter comes before the Court upon review of Plaintiff's "Request for this Court to Review Its Order on the Motion for Reconsideration" (Doc. #46). The Court construes Plaintiff's request to be a Motion for Reconsideration pursuant to Fed. R. Civ. P. 60(b), considering the Court dismissed Plaintiff's case on March 24, 2006.

The purpose of Fed. R. Civ. P. 60(b) is to define the circumstances under which a party may obtain relief from a final judgment. "It should be construed in order to do substantial justice, but this does not mean that final judgments should be lightly reopened." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) (citations omitted) (stating "[t]he desirability for order and predictability in the judicial process speaks for caution in the reopening of judgments."). Rule 60(b)(1) permits courts to reopen judgments for reasons of mistake, inadvertence,

surprise, or excusable neglect. "Motions under this rule are directed to the sound discretion of the district court." Id.; United States v. Certain Real Prop. Located at Route 1, Bryant, Ala., 126 F.3d 1314, 1318 (11th Cir. 1997).

The Court dismissed Plaintiff's Complaint finding that Plaintiff failed to fully and properly exhaust his available administrative remedies. On April 3, 2006, Plaintiff filed his first Motion for Reconsideration (Doc. #40). The Court denied Plaintiff's Motion, reasoning that Plaintiff did not fully and properly exhaust because he neither addressed the grievances to the appropriate person, nor did he timely file an appeal of the grievance. In Plaintiff's recent Motion for Reconsideration, Plaintiff argues that he addressed the grievance(s) to the appropriate person because there are detention bureau commanders at each of the Lee County Jail facilities. Further, Plaintiff argues that he is precluded from the rule that requires him to file an appeal because his grievance was merely denied and did not include a "finding." (Doc. # 46, pp. 1-3.)

Plaintiff's argument is without distinction. See Woodford v. NGO, 126 S.Ct. 2378 (2006) (holding that a Complaint was properly dismissed pursuant to the Prison Litigation Reform Act when a prisoner did not timely complete all available administrative remedies). Consequently, the Court finds that Plaintiff has failed to demonstrate any circumstances that warrant granting him relief

pursuant to Rule 60(b) from the Court's February 21, 2006 and May 9, 2006 Orders.

ACCORDINGLY, it is now **ORDERED**, **ADJUDGED** and **DECREED**:

Plaintiff's Motion for Reconsideration (Doc. #46) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida, on this <u>28th</u> day of September, 2006.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

SA: alj
Copies: All Parties of Record

-3-